**CALIFORNIA CONSUMER ATTORNEYS, P.C.**
Michael H. Rosenstein (SBN 169091)
mhr@calattorneys.com
Sepehr Daghighian (SBN 239349)
sd@calattorneys.com
Michael William Oppenheim (SBN 331956)
mwo@calattorneys.com
E-Service
eservice@calattorneys.com
10866 Wilshire Blvd, Suite 1200
Los Angeles, CA 90024
Telephone: (310) 872-2600
Facsimile: (310) 730-7377
Attorneys for Plaintiffs,
**VASYL KUZMYCH AND TANYA KUZMYCH**

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VASYL KUZMYCH, an individual and TANYA KUZMYCH, an individual,<br><br>Plaintiffs,<br><br>vs.<br><br>BMW OF NORTH AMERICA, LLC, a Delaware Limited Liability Company, and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No.: _____<br><br>**COMPLAINT**<br><br>1. **VIOLATION OF SONG-BEVERLY ACT - BREACH OF EXPRESS WARRANTY**<br>2. **VIOLATION OF SONG-BEVERLY ACT - BREACH OF IMPLIED WARRANTY**<br>3. **VIOLATION OF THE SONG-BEVERLY ACT SECTION 1793.2(b)** |

Plaintiffs, VASYL KUZMYCH, an individual and TANYA KUZMYCH, an individual, alleges as follows against Defendants BMW OF NORTH AMERICA, LLC, a Delaware Limited Liability Company ("BMW of North America, LLC."), and DOES 1 through 10 inclusive, on information and belief, formed after a reasonable inquiry under the circumstances:

## DEMAND FOR JURY TRIAL

1.    Plaintiffs, Vasyl Kuzmych and Tanya Kuzmych, hereby demand trial by jury in this action.

## JURISDICTION AND VENUE

2.    This Court has jurisdiction over the subject matter and parties pursuant to 28 U.S.C. § 1332 *et seq.,* because amount of recovery sought by Plaintiffs exceeds the jurisdictional amount of $75,000.00, and there is complete diversity amongst the parties.

3.    The Subject Vehicle, as reflected in the sales contract, has an approximate value of $126,740.08. (**Exhibit "A"**) Pursuant to the Song-Beverly Act, Plaintiffs are seeking general, special, and actual damages, as well as civil penalties, up to two times the amount of actual damage. As such, Plaintiffs seek in the approximate amount of $380,220.24. Plaintiffs are also seeking reasonable attorneys' fees under the Act. Accordingly, Plaintiffs claims meets the jurisdictional threshold required under 28 U.S.C. § 1332 (a).

4.    Complete diversity exists as Plaintiffs, VASYL KUZMYCH, an individual and TANYA KUZMYCH, an individual, is citizen of the State of California.

5.    With respect to Defendant, BMW of North America, LLC., the citizenship of limited liability company for diversity jurisdiction purposes is determined by examining the citizenship of each member of the company. *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899-900 (9th Cir. 2006); *Rolling Greens MHP, L.P. v. Comcast SCH Holdings, LLC*, 374 F.3d 1020, 1021-22 (11th

Cir. 2004). Moreover, a member of a limited liability company is a person who has been admitted to a limited liability company as a member. *See* Cal. Corp. Code § 17701.02, subd. (p.); 6 Del. Code § 18-101, subd. (13); 6 Del. Code §§ 18-301 et seq.

6.    Defendant, BMW of North America, LLC., is a Delaware Limited Liability Company operating and doing business in the State of California. As reflected within Defendant's Statement of Information filed with the California Secretary of State, none of the individual members listed within are citizens of the state of California. Rather, the Statement of Information expressly indicates a Georgia address for each listed member. Accordingly, the members of BMW of North America, LLC. are citizens of the state of Georgia and not California, as reflected within Section D of the Statement of Information, filed by Defendant on March 29, 2022. A true and correct copy of Defendant, BMW of North America, LLC's Statement of Information is attached herewith as **Exhibit "B**."

7.    As such, none of Defendant's members, as a limited liability company, is a citizen of the state of California. Accordingly, there is complete diversity amongst the parties under 28 U.S.C. § 1332. (a) (1), as Plaintiffs have now alleged sufficient facts to establish subject matter jurisdiction.

8.    Venue is proper in, and Defendants are subject to the personal jurisdiction of, this court because the Subject Vehicle was purchased at Niello BMW Elk Grove, a BMW of North America, LLC. authorized dealership and repair facility, located in 8580 Laguna Grove Dr, Elk Grove, CA 95757.

9.    Venue is also proper, as Plaintiffs, Vasyl Kuzmych and Tanya Kuzmych, are individuals residing in the City of Antelope, State of California.

10.    Venue is also proper, as Defendant, BMW of North America, LLC., is and was a Delaware Limited Liability Company operating and doing business in the State of California.

/ / /

/ / /

## GENERAL ALLEGATIONS

11. Plaintiffs, Vasyl Kuzmych and Tanya Kuzmych, are individuals residing in the City of Antelope, State of California.

12. Defendant BMW of North America, LLC. is and was a Delaware Limited Liability Company operating and doing business in the State of California.

13. These causes of action arise out of the warranty obligations of BMW of North America, LLC. in connection with a vehicle purchased by Plaintiffs and for which BMW of North America, LLC. issued a written warranty.

14. Plaintiffs do not know the true names and capacities, whether corporate, partnership, associate, individual or otherwise of Defendant issued herein as Does 1 through 10, inclusive, under the provisions of section 474 of the California Code of Civil Procedure. Defendant Does 1 through 10, inclusive, are in some manner responsible for the acts, occurrences and transactions set forth herein, and are legally liable to Plaintiffs. Plaintiffs will seek leave to amend this Complaint to set forth the true names and capacities of the fictitiously named Defendant, together with appropriate charging allegations, when ascertained.

15. All acts of corporate employees as alleged were authorized or ratified by an officer, director, or managing agent of the corporate employer.

16. Each Defendant, whether actually or fictitiously named herein, was the principal, agent (actual or ostensible), or employee of each other Defendant, and in acting as such principal or within the course and scope of such employment or agency, took some part in the acts and omissions hereinafter set forth by reason of which each Defendant is liable to Plaintiffs for the relief prayed for herein.

17. On December 1, 2022, Plaintiffs purchased a 2023 BMW X7 XDrive 40i, having VIN No. 5UX23EM0BP9P59524 ("the Subject Vehicle"). Express warranties accompanied the sale of the Subject Vehicle to Plaintiffs by which BMW of North America, LLC. undertook to preserve or maintain the utility or performance of Plaintiffs' vehicle or to provide compensation if there was a failure in such utility or

performance.

18.    The Subject Vehicle was delivered to Plaintiffs with serious defects and nonconformities to warranty and developed other serious defects and nonconformities to warranty including, but not limited to, the electrical defects, electronics defects, infotainment system defects, recalls, and other serious nonconformities to warranty.

19.    Plaintiffs hereby revoke acceptance of the sales contract.

20.    Pursuant to the Song-Beverly Consumer Warranty Act (herein after the "Act") Civil Code sections 1790 *et seq.* the Subject Vehicle constitutes "consumer goods" used primarily for family or household purposes, and Plaintiffs have used the vehicle primarily for those purposes.

21.    Plaintiffs are the "buyer" of consumer goods under the Act.

22.    Defendant BMW of North America, LLC. is a "manufacturer" and/or "distributor" under the Act.

23.    To the extent that one or more class action lawsuits have been filed or are filed with respect to the nonconformities affecting Plaintiffs' vehicle, without conceding the necessity of supplying such notice, Plaintiffs hereby provides notice to Defendant and/or Defendant's agents of Plaintiffs' intent to opt-out and be excluded from the settlement class of said class action lawsuit(s).

24.    Plaintiffs hereby demands trial by jury in this action.

## FIRST CAUSE OF ACTION

### Violation of the Song-Beverly Act – Breach of Express Warranty

25.    Plaintiffs incorporate herein by reference each and every allegation contained in the preceding and succeeding paragraphs as though herein fully restated and re-alleged.

26.    Express warranties accompanied the sale of the vehicle to Plaintiffs by which BMW of North America, LLC. undertook to preserve or maintain the utility or performance of Plaintiffs' vehicle or to provide compensation if there was a failure in such utility or performance.

27. The Subject Vehicle was delivered to Plaintiffs with serious defects and nonconformities to warranty and developed other serious defects and nonconformities to warranty including, but not limited to, electrical defects, electronics defects, infotainment system defects, recalls, and other serious nonconformities to warranty.

28. Pursuant to the Song-Beverly Consumer Warranty Act (herein after the "Act") Civil Code sections 1790 *et seq.* the vehicle constitutes "consumer goods" used primarily for family or household purposes, and Plaintiffs have used the Subject Vehicle primarily for those purposes.

29. Plaintiffs are the "buyer" of consumer goods under the Act.

30. Defendant BMW of North America, LLC. is a "manufacturer" and/or "distributor" under the Act.

31. The foregoing defects and nonconformities to warranty manifested themselves in the Subject Vehicle within the applicable express warranty period. The nonconformities substantially impair the use, value and/or safety of the vehicle.

32. Plaintiffs delivered the vehicle to an authorized BMW of North America, LLC. repair facility for repair of the nonconformities.

33. Defendant was unable to conform Plaintiffs' vehicle to the applicable express after a reasonable number of repair attempts.

34. Notwithstanding Plaintiffs' entitlement, Defendant BMW of North America, LLC. has failed to either promptly replace the new motor vehicle or to promptly make restitution in accordance with the Song-Beverly Act.

35. By failure of Defendant to remedy the defects as alleged above, or to issue a refund or replacement vehicle, Defendant is in breach of its obligations under the Song-Beverly Act.

36. Under the Act, Plaintiffs are entitled to reimbursement of the price paid for the vehicle less that amount directly attributable to use by the Plaintiffs prior to the first presentation of the nonconformities.

/ / /

37.    Plaintiffs are entitled to all incidental, consequential, and general damages resulting from Defendant's failure to comply with its obligations under the Song-Beverly Act.

38.    Plaintiffs are entitled under the Song-Beverly Act to recover as part of the judgment a sum equal to the aggregate amount of costs and expenses, including attorney's fees, reasonably incurred in connection with the commencement and prosecution of this action.

39.    Because Defendant willfully violated the Song-Beverly Act, Plaintiffs are entitled in addition to the amounts recovered, a civil penalty of up to two times the amount of actual damages for BMW of North America, LLC.'s willful failure to comply with its responsibilities under the Act.

## SECOND CAUSE OF ACTION

### Violation of the Song-Beverly Act – Breach of Implied Warranty

40.    Plaintiffs incorporate herein by reference each and every allegation contained in the preceding and succeeding paragraphs as though herein fully restated and re-alleged.

41.    BMW of North America, LLC. and its authorized dealership at which Plaintiffs purchased the Subject Vehicle had reason to know the purpose of the Subject Vehicle at the time of sale of the Subject Vehicle.  The sale of the Subject Vehicle was accompanied by implied warranties provided for under the law.

42.    Among other warranties, the sale of the Subject Vehicle was accompanied by an implied warranty that the Subject Vehicle was merchantable pursuant to Civil Code section 1792.

43.    The Subject Vehicle was not fit for the ordinary purpose for which such goods are used because it was equipped with one or more defective vehicle systems/components.

/ / /

/ / /

44.    The Subject Vehicle did not measure up to the promises or facts stated on the container or label because it was equipped with one or more defective vehicle systems/components.

45.    The Subject Vehicle was not of the same quality as those generally acceptable in the trade because it was sold with one or more defective vehicle systems/components which manifest as electrical defects, electronics defects, infotainment system defects, recalls, and other serious nonconformities to warranty.

46.    Upon information and belief, the defective vehicle systems and components were present at the time of sale of the Subject Vehicle; thus, extending the duration of any implied warranty under *Mexia v. Rinker Boat Co., Inc.* (2009) 174 Cal.App.4th 1297, 1304–1305 and other applicable laws.

47.    Plaintiffs are entitled to justifiably revoke acceptance of the Subject Vehicle under Civil Code, section 1794, *et seq*;

48.    Plaintiffs hereby revokes acceptance of the Subject Vehicle.

49.    Plaintiffs are entitled to replacement or reimbursement pursuant to Civil Code, section 1794, *et seq.*

50.    Plaintiffs are entitled to rescission of the contract pursuant to Civil Code, section 1794, *et seq.* and Commercial Code, section 2711.

51.    Plaintiffs are entitled to recover any incidental, consequential, and/or "cover" damages under Commercial Code, sections 2711, 2712, and Civil Code, section 1794, *et seq.*

## **THIRD CAUSE OF ACTION**

### **Violation of the Song-Beverly Act Section 1793.2(b)**

52.    Plaintiffs incorporate herein by reference each and every allegation contained in the preceding and succeeding paragraphs as though herein fully restated and re-alleged.

53.    Pursuant to Civil Code, section 1793.2, subdivision (a) a manufacturer that sells consumer goods in California, for which it has made an express warranty,

shall maintain service and repair facilities or designate and authorize independent service and repair facilities to carry out the terms of those warranties.

54.    Pursuant to Civil Code, section 1793.2, subdivision (b), when service and repair of goods is necessary because they do not conform with the applicable express warranties, service and repair shall be commenced within a reasonable time by the manufacturer or its representative.

55.    Civil Code, section 1793.2, subdivision (b) further states that goods shall be serviced or repaired so as to conform to the applicable warranties within 30 days and/or within a reasonable time.

56.    The sale of the Subject Vehicle was accompanied by express warranties, including a warranty guaranteeing that the Subject Vehicle was safe to drive and not equipped with defective parts, resulting in the defects set forth herein.

57.    Plaintiffs delivered the Subject Vehicle to BMW of North America, LLC.'s authorized service representatives on multiple occasions. The Subject Vehicle was delivered for repairs of defects, which amount to a nonconformities to the express warranties that accompanied the sale of the Subject Vehicle.

58.    Defendant's authorized facilities did not conform the Subject Vehicle to warranty within 30-days and/or commence repairs within a reasonable time and BMW of North America, LLC. has failed to tender the Subject Vehicle back to Plaintiffs in conformance with its warranties within the timeframes set forth in Civil Code section 1793.2(b).

59.    Plaintiffs are entitled to justifiably revoke acceptance of the Subject Vehicle under Civil Code, section 1794, *et seq*;

60.    Plaintiffs hereby revokes acceptance of the Subject Vehicle.

61.    Plaintiffs are entitled to replacement or reimbursement pursuant to Civil Code, section 1794, *et seq.*

62.    Plaintiffs are entitled to rescission of the contract pursuant to Civil Code section 1794, *et seq.* and Commercial Code, section 2711.

63.    Plaintiffs are entitled to recover any "cover" damages under Commercial Code sections 2711, 2712, and Civil Code, section 1794, *et seq.*

64.    Plaintiffs are entitled to recover all incidental and consequential damages pursuant to 1794 *et seq* and Commercial Code sections, 2711, 2712, and 2713 *et seq.*

65.    Plaintiffs are entitled in addition to the amounts recovered, a civil penalty of up to two times the amount of actual damages in that BMW of North America, LLC. has willfully failed to comply with its responsibilities under the Act.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs prays for judgment against Defendants, as follows:

1.    For general, special and actual damages according to proof at trial in excess of $75,000;

2.    For rescission of the purchase contract and restitution of all monies expended;

3.    For diminution in value;

4.    For incidental and consequential damages according to proof at trial;

5.    For civil penalty in the amount of two times Plaintiffs' actual damages;

6.    For prejudgment interest at the legal rate;

7.    For reasonable attorney's fees and costs and expenses of suit; and

8.    For such other and further relief as the Court deems just and proper under the circumstances.


Dated:    January 23, 2024        **CALIFORNIA CONSUMER ATTORNEYS, P.C.**


 /s/ *Sepehr Daghighian*
Michael H. Rosenstein, Esq.
Sepehr Daghighian, Esq.
Michael William Oppenheim, Esq.
Attorneys for Plaintiffs,
**VASYL KUZMYCH and TANYA KUZMYCH**

Plaintiffs, **VASYL KUZMYCH AND TANYA KUZMYCH**, hereby demands trial by jury in this action.

COMPLAINT